In the Matter of IRA POSTEL, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, November 17, 1992

### APPEARANCES OF COUNSEL

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for
petitioner.

*Ira Postel,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Ira Postel was admitted to the practice of law in
New York in the First Judicial Department on December 12,
1966, and, at all relevant times herein, maintained an office
for the practice of law in the First Department.

In 1991, respondent was charged with numerous acts of professional misconduct, including conversion of client's funds in violation of DR 1-102 (A) (4) of the Code of Professional Responsibility. The conversion count is contained in Charge One of the complaint. It arises out of respondent's representation, commencing in 1988, of West New York Medical and Dental Group, P. C., which had retained a business consultant named Ronald Feldstein to assist it in consolidating debt and accommodating creditors. Feldstein referred West New York to respondent who agreed to set up an escrow account to receive funds from West New York and distribute them to its creditors at the direction of Feldstein. The complaint charges that respondent refused the request of West New York to account for the funds entrusted to him, and to return the unused portion, thus violating DR 9-102 (B) (3) and (4). The report of the Hearing Panel concluded that respondent received $39,420 from West New York and paid only $4,280.27 to its creditors. The balance is unaccounted for, but the evidence before the Panel established that numerous checks were made out to cash and paid over to Feldstein, who had a formal power of attorney over the escrow account. Respondent admitted the allegations contained in Charge Ten of the complaint that he failed to comply with a subpoena duces tecum issued by the Committee for the production of the records pertaining to the escrow account for West New York. The evidence before the Hearing Panel also indicated that respondent was beholden to Feldstein for referral business, and subordinated the interests of his client to his own self-interest in his dealings with Feldstein.

Respondent has admitted the allegations of Charges Two through Ten and has admitted the essential factual allegations of Charge One, although he denies that his conduct as admitted in Charge One constitutes professional misconduct. We disagree with respondent. Respondent's further contention that he was denied his right to counsel during the hearing before the Disciplinary Committee is also unavailing. The record establishes that he was afforded several opportunities to retain outside counsel but elected to proceed *pro se.* Under these circumstances, it was within the discretion of the Hearing Panel to deny respondent's request for an adjournment of the scheduled hearing to retain counsel.

The remaining nine charges relate to respondent's pattern of writing checks, in the course of his practice of law, against long-closed accounts and checks that are returned for insuffi-

cient funds. The complaint also includes two charges of neglect.

Under Charge Two, respondent admitted engaging the services of an auctioneer on behalf of a client and agreed to pay the auctioneer $250 for his services. Respondent sent the auctioneer a check for $250 which was returned for insufficient funds. Respondent then sent the auctioneer another check for $250 drawn on an account at another bank. It also was returned for insufficient funds. Respondent then falsely told the auctioneer on several occasions that he had mailed him a certified check. Ultimately respondent paid the $250 plus $25 for expenses.

Under Charge Three, respondent has admitted that he sent a $5,000 check drawn on his escrow account to a Florida attorney to pay a client's debt. Twice the check was returned for insufficient funds. Two months later, respondent paid the $5,000 by wire transfer.

Respondent has admitted the allegations of Charge Four that he was retained with a $2,500 check to represent a Florida couple in connection with an adoption. Respondent admittedly lied to the clients about his preparation and the scheduling of a court date. The clients discharged respondent, and successor counsel then ascertained that respondent never even filed an adoption petition. Respondent promised to return the retainer plus a subsequent payment he had received to his former clients. The clients ultimately obtained a judgment and sought execution from the Sheriff. The judgment remained unpaid as of the date of the hearing.

Under Charge Five, respondent admitted engaging the services of a process server and incurring charges of $1,452,72. Respondent tendered a postdated check to the process server which was returned twice for insufficient funds. The process server obtained a judgment in Small Claims Court against respondent which respondent alleged he was paying at the rate of $250 per month.

Under Charge Six, respondent admitted engaging a psychologist to perform an evaluation of his son. Respondent tendered a check for $900 to the psychologist which was returned because the account had been closed six months before the check was written. The psychologist ultimately obtained a judgment against respondent that remained unpaid as of the date of the hearing.

Charge Seven contains the admitted allegations that a

client retained respondent with a $1,500 check to apply for a change to the certificate of occupancy of a lot in New York City to permit automobile parking. Respondent falsely assured the client that the change would soon be completed and the certificate amended. Respondent neglected the matter and was discharged. Respondent tendered a $1,500 check to successor counsel, representing a return of his unearned retainer. The check was returned for insufficient funds and the debt remained unpaid at the time of the hearing.

Charge Eight contains the admitted allegations that respondent agreed to pay his opposing counsel $1,113.50 for their additional services in finalizing a settlement of a wrongful eviction matter. He further agreed to pay counsel an additional $2,500 if his check did not clear. Respondent wrote the check on a closed account. Respondent agreed to pay counsel $2,500 by wire transfer and consented to the motion for sanctions. The Court awarded sanctions of $3,000 against respondent, which remained unpaid as of the date of the hearing.

Charge Nine, discussed above, relates to respondent's failure to comply with the Committee's subpoena. Charge Ten involves respondent's failure to register as an attorney.

By reason of the foregoing, respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102 (A) (4), conduct that adversely reflects upon his fitness to practice law in violation of DR 1-102 (A) (6), conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5); neglected legal matters entrusted to him in violation of DR 6-101 (A) (3); failed to return the unearned portion of a legal fee as he had agreed to do in violation of DR 2-110 (A) (3); and, by not registering as an attorney, respondent violated the provisions of Judiciary Law § 468-a.

Accordingly, the Committee's motion should be granted, the report of the Hearing Panel confirmed, and respondent is disbarred.

MURPHY, P. J., SULLIVAN, CARRO, ROSENBERGER and RUBIN, JJ., concur.

The Committee's petition is granted, the report confirmed, and respondent is disbarred from practice as an attorney and counselor-at-law in the State of New York, effective December 17, 1992, as indicated.